UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Chester Williams, *a/k/a James C. Williams*, | ) | C/A No. 9:17-2583-HMH-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Warden Richard Cothran, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, James Chester Williams, a state prisoner at the Turbeville Correctional Institution, part of the South Carolina Department of Corrections (SCDC), filed this Petition for Writ of Habeas Corpus pro se and in forma pauperis, pursuant to 28 U.S.C. § 2254. In this Petition, Petitioner challenges his 2002 criminal conviction in Lexington County, South Carolina. Petition, ECF No. 1 at 1.[1]

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (AEDPA), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim

---

[1] With his Petition, Petitioner also submitted a pleading titled "Motion Actual Innocence After Newly Discovere[d] Evidence Rule 29(b) Ineff[ec]tive Assistance of Counsel." ECF No. 1-1. In this "motion", Petitioner appears to be requesting that he receive a new trial pursuant to South Carolina Criminal Procedure Rule 29(b). However, this rule governs requests for new trials in the South Carolina courts, not this federal court.



v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se petitions are also held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow for the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

**Discussion**

Petitioner states that he is challenging his March 21, 2002 conviction (2000-GS-32-0688) in Lexington County, South Carolina. ECF No. 1 at 1. Records from Lexington County show that Petitioner pled guilty to the charge of murder and was sentenced to thirty years imprisonment on March 21, 2002. See Lexington County Eleventh Judicial Circuit Public Index, http://publicin dex.sccourts.org/Lexington/PublicIndex/CaseDetails.aspx?County=32&CourtAgency=32001&C asenum=G213779&CaseType=C&HKey=11943676580714981477386120102122118438073495



2

4564311198837210211772797010073811111551187954537456 52 (last visited Dec. 20, 2017).²

Petitioner seeks to have a new trial. ECF No. 1 at 14.

However, Petitioner previously filed a § 2254 petition in this Court in January 2017;³ in which he challenged the same March 2002 criminal conviction for murder.⁴ In an order dated July 25, 2017, the Honorable Henry M. Herlong, Jr., Senior United States District Judge, granted the respondent's motion for summary judgment in that case and dismissed the petition with prejudice. See Williams v. Dunlap, No. 9:17-301-HMH-BM, 2017 WL 3142540 (D.S.C. July 25, 2017). "Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or [a 28 U.S.C.] § 2255 motion to vacate sentence without first receiving permission

---

²This Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008) [noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].

³A federal court may take judicial notice of the contents of its own records. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

⁴Petitioner had actually filed an even earlier § 2254 petition in November 2007, Civil Action Number 3:07-3714-GRA-JRM. The magistrate judge recommended that the respondent's motion for summary judgment be granted because Petitioner had not exhausted all of his available state court remedies, Petitioner thereafter filed a motion to withdraw the petition, and the district judge granted Petitioner's motion and dismissed the case without prejudice. See Williams v. Ozmint, No. 3:07-3714-GRA (D.S.C.). Thus, although the petition filed in March 2017 (Civil Action Number 9:17-301-HMH-BM) was Petitioner's second § 2254 petition, it was not a successive petition. Cf. Slack v. McDaniel, 529 U.S. 473, 487–88 (2000) [after a habeas petition is dismissed for failure to exhaust state remedies, upon the petitioner's return to federal court after exhaustion the petition is not a successive petition].



3

to do so from the appropriate circuit court of appeals." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); see §§ 2244(b)(3)(B), (D).

Felker v. Turpin, 518 U.S. 651, 657 (1996). Therefore, since Petitioner's previous § 2254 petition (Civil Action No. 9:17-301-HMH-BM) was decided on the merits, the Petition filed in this action should be summarily dismissed because it is successive and there is no indication that Petitioner requested and received permission from the United States Fourth Circuit Court of Appeals before he submitted it to this Court. See Slack v. McDaniel, 529 U.S. at 485-89 [to qualify as a "successive" petition, prior petition must have been adjudicated on the merits].[5]

This is so even if Petitioner is attempting to bring this successive petition on grounds not raised in his original petition, as under the AEDPA an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals,[6] as the "gatekeeping"

---

[5]The issue of successiveness of a habeas petition may be raised by the court sua sponte. Rodriguez v. Johnson, 104 F.3d 694, 697 n. 1 (5th Cir. 1997); Simmons v. South Carolina, C/A No. 6:14-4803-RBH, 2015 WL 2173233, at *4 (D.S.C. May 8, 2015) (adopting and incorporating Report and Recommendation).

[6]A petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, see 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(I) and § 2244(b)(2)(B)(ii). See Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). Even if a petitioner's grounds for relief satisfy these strict requirements, however, the Fourth Circuit is still the proper tribunal to make that decision when authorization is requested, not the district court. "The grant or denial of an authorization by
(continued...)



4

mechanism of 28 U.S.C. § 2244(b)(3)(A) provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[7] See In re Williams, 364 F.3d 235, 238 (4th Cir. 2004) [the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"]; In re Fowlkes, 326 F.3d 542, 544 (4th Cir. 2003) ["Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [the Fourth Circuit Court of Appeals] under the standard established in section 2244(b)(3)(C)."]; United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)["In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."].

Finally, Petitioner may be arguing that may bring this successive petition because he claims that he is actually innocent[8] of the crime charged. ECF No. 1-1 at 1-2. However, the United

---

[6](...continued)
a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

[7]Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

[8]Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). To present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995); see Doe, 391 F.3d at 161 [quoting Schlup for the evidentiary standard required for a court to consider an actual innocence (continued...)



5

States Supreme Court has explained that "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). Here, as noted above, there is no indication that Petitioner has received permission from the Fourth Circuit Court of Appeals before filing the present Petition. Consequently, this Court has no jurisdiction to consider any "actual innocence" claim in the instant § 2254 Petition. See In re Williams, 444 F.3d at 236-37 (4th Cir. 2006); United States v. Winestock, 340 F.3d at 205 (4th Cir. 2003).

## Recommendation

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

December 21, 2017
Charleston, South Carolina

---

[8](...continued)
claim].

6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

